FILED

AUG 12 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KENNETH W. NUNLEY, <br> Plaintiff | § § § | |
| VS. | § § § | NO. **W09CA197** |
| CITY OF WACO, <br> Defendant | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

KENNETH W. NUNLEY, Plaintiff, complains of CITY OF WACO, Defendant, and would show the Court and jury as follows:

### I.

### JURISDICTION

1. The jurisdiction of this court is invoked regarding the following causes of action or statutes:

2. *Title VII. Race Discrimination*, 42 USC § 2000e et seq, hereinafter "Title VII". At all times relevant hereto, Plaintiff was an employee as defined in said act and Defendant was an employer as defined in said act. Defendant had the requisite number of employees required by said act. Defendant violated said law as hereinafter described.

3. *§ 1981. Race Discrimination*, 42 USC § 1981 (as amended in 1991 by P.L. 102-166 § 101, 105 Stat. 1071), hereinafter "Sec. 1981". *§ 1983. Civil Action for Deprivation of Rights*, 42 USC § 1983, as amended. Plaintiff is an individual of the Black race, sometimes also known as the "African-American" race, who is a citizen of the United States of America and his rights under the

law have been impaired by Defendant based on his race, as hereinafter set forth.

## II.

## PARTIES

4. Plaintiff is an adult citizen of Texas. Defendant is a municipality located in McLennan County, Texas, with whom Plaintiff has been employed from May, 1994 until the present.

## III.

## VENUE

5. This cause of action, or a substantial portion thereof, occurred in McLennan County, Texas.

## IV.

## FACTS

6. Plaintiff's race is Black (also sometimes referred to as "African-American"). Plaintiff has been employed by Defendant from May, 1994 until the present in the Parks and Recreation Department of the Defendant.

7. In 2001, during a reorganization in the Parks and Recreation Department, Plaintiff was demoted from his field supervisor position to equipment operator. Other White (Caucasian) field supervisors were not similarly demoted but moved to operation coordinator positions.

8. In 2004, Plaintiff applied for an operations coordinator position, for which he was qualified; however, a White employee, who was less qualified than Plaintiff, was promoted into the position.

9. In November, 2006, the same position of operations coordinator in the Parks and Recreation Department opened up again when the previous employee left.

10. Plaintiff applied for the operations coordinator position along with several other individuals.

11. Again, Plaintiff was not hired for the position and the Defendant hired a White individual, who had not previously worked for the Defendant.

12. Plaintiff was clearly better qualified for the position than the White individual who was hired on or about February 5, 2007.

13. Thereafter, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) within the time allowed by applicable law alleging race discrimination.

14. After investigating the complaint, the EEOC issued a determination that reasonable cause existed to believe that the Defendant violated Title VII of the Civil Rights Act of 1964 in regards to Plaintiff being denied the Operations Coordinator position for the Parks and Recreation Department on several occasions, with the last time being when he applied in November, 2006, and the position being filled on February 5, 2007.

15. The EEOC issued Plaintiff a right to sue and this suit was filed.

## V.

## CAUSES OF ACTION

16. Plaintiff alleges that his race was a motivating factor for Defendant's actions as described above; said acts or omissions being in violation of *Title VII*, which provides that it is an unlawful employment practice to discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment because of race.

17. As stated above, Plaintiff belongs to the identifiable group of United States citizens known as the Black or African-American race. The Defendant intended to discriminate against

Plaintiff because of his race. Defendant's discrimination abridged a term, condition, or privilege of his employment agreement with Defendant resulting in Plaintiff not being promoted to the Operations Coordinator position in violation of 42 USC § 1981.

18. Plaintiff brings this 42 USC § 1981 action against Defendant by way of 42 USC § 1983. Plaintiff alleges that at all times relevant to this cause of action, Defendant engaged in a custom, policy, or practice involving race, in the Parks and Recreation Department, which resulted in the failure and/or refusal of Defendant, on more than one occasion (including the last occasion in February, 2007), to promote Plaintiff to the Operations Coordinator.

19. Also, Plaintiff alleges that as a result of his complaints to the Defendant and/or the EEOC, Defendant retaliated against Plaintiff by refusing to promote him to higher positions in the Parks and Recreation Department, which retaliation is in violation of Title VII and/or 42 USC § 1981.

20. Plaintiff alleges that the above described actions or omissions resulted in damages as hereinafter set forth.

## VI.

## DAMAGES

21. Defendant's action in discriminating against Plaintiff has resulted in Plaintiff losing pay and benefits of employment, which he would have received had he been promoted to the Operations Coordinator position. Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## VII.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

22. Plaintiff has satisfied all prerequisites to the bringing of this suit, including exhausting all required administrative remedies. As described above, Plaintiff timely filed a complaint against Defendant with the EEOC, as required by the above referred to statute, and allowed said Commission to investigate the complaint prior to filing this suit. Plaintiff received a right to sue letter dated May 28, 2009 from the EEOC. Plaintiff received the letter a few days after May 28, 2009 and has filed this suit within 90 days of receiving said letter. Other than the right to sue letter dated May 28, 2009, Plaintiff has never received any other right to sue letter from the EEOC. There is no administrative exhaustion requirement regarding the cause of action under 42 USC § 1981.

## VIII.

## ATTORNEY/EXPERT WITNESS FEES

23. Plaintiff had to employ an attorney to vindicate his rights under the law, and seeks reasonable and necessary attorneys' fees and expert witness fees.

## PRAYER

WHEREFORE, Plaintiff requests that on final hearing Plaintiff be awarded damages as stated above, costs of court, and such other relief as Plaintiff may be justly entitled.

                                                   /s/ Danny C. Wash

                                Danny C. Wash
                                State Bar No. 20896000
                                WASH & THOMAS
                                Attorneys at Law
                                6613 Sanger Ave.
                                Waco, Texas 76710
                                (254) 776-3611
                                (254) 776-9217 - Fax Number
                                Email- danwash@washthomas.com
                                Attorney for Plaintiff

**PLAINTIFF HEREBY RESPECTFULLY DEMANDS A TRIAL BY JURY**

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

W09CA197

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kenneth W. Nunley

**DEFENDANTS**
City of Waco

(b) County of Residence of First Listed Plaintiff   McLennan
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   McLennan
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Danny C. Wash, Wash & Thomas
6613 Sanger Ave., Waco, TX 76707    254-776-3611

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff
☒ 3   Federal Question (U.S. Government Not a Party)
☐ 2   U.S. Government Defendant
☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII and 42 USC 1981
Brief description of cause:
race discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE   08/12/2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

INTAKE COPY

# FILING FEE RECEIPT COPY

DUPLICATE

Court Name: TEXAS WESTERN
Division: 6
Receipt Number: 600002087
Cashier ID: smiles
Transaction Date: 08/12/2009
Payer Name: WASH AND THOMAS

CIVIL FILING FEE
 For: KENNETH W. NUNLEY
 Amount:        $350.00

CHECK
 Check/Money Order Num: 15937
 Amt Tendered:  $350.00

Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00

CIVIL CASE FILING FEE.  KENNETH W.
NUNLEY VS CITY OF WACO.
6:09-CV-197.  CHECK PAID BY WASH &
THOMAS